Official Form 1 (1/08)

| United States Bankruptcy Court | Voluntary Petition |
|---|---|
| NORTHERN DISTRICT OF ILLINOIS | |

| Name of Debtor (if individual, enter Last, First, Middle):<br><br>**Capriotti, Karen L.** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**NONE** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): **9070** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**903 S. Butternut Circle**<br>**Frankfort IL**  ZIPCODE **60423** | Street Address of Joint Debtor (No. & Street, City, and State):  ZIPCODE |
| County of Residence or of the<br>Principal Place of Business: **Will** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**SAME**  ZIPCODE | Mailing Address of Joint Debtor (if different from street address):  ZIPCODE |
| Location of Principal Assets of Business Debtor<br>(if different from street address above):  **NOT APPLICABLE**  ZIPCODE | |

**Type of Debtor** (Form of organization)
(Check **one** box.)

☒ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (if debtor is not one of the above
  entities, check this box and state type of
  entity below

**Nature of Business**
(Check **one** box.)

☐ Health Care Business
☐ Single Asset Real Estate as defined
  in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☐ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

☐ Debtor is a tax-exempt organization
  under Title 26 of the United States
  Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which
the Petition is Filed** (Check one box)

☒ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Chapter 15 Petition for Recognition
  of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition
  of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

☒ Debts are primarily consumer debts, defined
  in 11 U.S.C. § 101(8) as "incurred by an
  individual primarily for a personal, family,
  or household purpose"
☐ Debts are primarily
  business debts.

**Chapter 11 Debtors:**

**Check one box:**
☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed
  to insiders or affiliates) are less than $2,190,000.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**Check all applicable boxes:**
☐ A plan is being filed with this petition
☐ Acceptances of the plan were solicited prepetition from one or more
  classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Filing Fee** (Check one box)

☒ Full Filing Fee attached
☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach
  signed application for the court's consideration certifying that the debtor is unable
  to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach
  signed application for the court's consideration. See Offi cial Form 3B.

**Statistical/Administrative Information**

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for
  distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

**Estimated Assets**

| ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

FORM B1, Page 2

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **Karen L. Capriotti** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** | (If more than two, attach additional sheet) |

| Location Where Filed: | Case Number: | Date Filed: |
| *NONE* | | |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** | (If more than one, attach additional sheet) |

| Name of Debtor: | Case Number: | Date Filed: |
| *NONE* | | |
| District: | Relationship: | Judge: |

<table>
<tr><td colspan="2" align="center"><b>Exhibit A</b></td><td colspan="2" align="center"><b>Exhibit B</b></td></tr>
<tr><td colspan="2">(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11)</td><td colspan="2">(To be completed if debtor is an individual whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. §342(b).</td></tr>
<tr><td colspan="2">☐ Exhibit A is attached and made a part of this petition</td><td colspan="2">X <b>/s/ James Schelli, Jr.</b>      <b>9/ 2/2009</b><br><span style="font-size:small">Signature of Attorney for Debtor(s)    Date</span></td></tr>
</table>

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and exhibit C is attached and made a part of this petition.
☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒ Exhibit D completed and signed by the debtor is attached and made part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

Official Form 1 (1/08)

FORM B1, Page  3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Karen L. Capriotti** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b)

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Karen L. Capriotti**
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

**9/ 2/2009**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed name of Foreign Representative)

**9/ 2/2009**
(Date)

### Signature of Attorney*

X **/s/ James Schelli, Jr.**
Signature of Attorney for Debtor(s)

**James Schelli, Jr. 6188903**
Printed Name of Attorney for Debtor(s)

**WEBSTER & SCHELLI, P.C.**
Firm Name

**1730 Park Street, Suite 220**
Address

**Naperville IL  60563**

**630.416.4500**
Telephone Number

**9/ 2/2009**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

**9/ 2/2009**
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## NORTHERN DIVISION

In re *Karen L. Capriotti*                                              Case No.
                                                                        Chapter   7

_____
                          Debtor(s)

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**WARNING: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒    1. Within the 180 days   **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.   *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐    2. Within the 180 days   **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not I have a certificate from the agency describing the services provided to me.   *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐    3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.
*[Summarize exigent circumstances here.]*

   **If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐   4.  I am not required to receive a credit counseling briefing because of:   *[Check the applicable statement]*
*[Must be accompanied by a motion for determination by the court.]*

☐   Incapacity. (Defined in 11 U.S.C. § 109 (h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐   Disability. (Defined in 11 U.S.C. § 109 (h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐   Active military duty in a military combat zone.

☐   5.  The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   */s/ Karen L. Capriotti*

Date:   *9/ 2/2009*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# NORTHERN DIVISION

In re  *Karen L. Capriotti*

Case No.
Chapter  *7*

_____ / Debtor

Attorney for Debtor:  *James Schelli, Jr.*

# STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1.  The undersigned is the attorney for the debtor(s) in this case.

2.  The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
    a)  For legal services rendered or to be rendered in contemplation of and in
        connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____ *5,000.00*
    b)  Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . $_____ *4,566.00*
    c)  The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . $_____ *434.00*

3.  $ _____*299.00*_____ of the filing fee in this case has been paid.

4.  The Services rendered or to be rendered include the following:
    a)  Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to
        file a petition under title 11 of the United States Code.
    b)  Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the
        court.
    c)  Representation of the debtor(s) at the meeting of creditors.

5.  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for
    services performed, and
    *None other*

6.  The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will
    be from earnings, wages and compensation for services performed, and
    *None other*

7.  The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for
    the value stated:
    *None*

8.  The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's
    law firm, any compensation paid or to be paid except as follows:
    *None*

Dated:  *9/ 2/2009*                    Respectfully submitted,

                    X*/s/ James Schelli, Jr.*_____
    Attorney for Petitioner:*James Schelli, Jr.*
                    *WEBSTER & SCHELLI, P.C.*
                    *1730 Park Street, Suite 220*
                    *Naperville IL  60563*

                    *630.416.4500*

# STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. § 341

## INTRODUCTION

Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Trustee, United States Department of Justice, has prepared this information sheet to help you understand some of the possible consequences of filing a bankruptcy petition under chapter 7 of the Bankruptcy Code. This information is intended to make you aware of

    (1)  the potential consequences of seeking a discharge in bankruptcy, including the effects on credit history;
    (2)  the effect of receiving a discharge of debts;
    (3)  the effect of reaffirming a debt; and
    (4)  your ability to file a petition under a different chapter of the Bankruptcy Code.

There are many other provisions of the Bankruptcy Code that may affect your situation. This information sheet contains only general principles of law and is not a substitute for legal advice. If you have questions or need further information as to how the bankruptcy laws apply to your specific case, you should consult with your lawyer.

## WHAT IS A DISCHARGE?

The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed on your bankruptcy schedules. A discharge is a court order that says you do not have to repay your debts, but there are a number of exceptions. Debts which may not be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained through fraud or deception; and personal injury debts caused by driving while intoxicated or taking drugs. Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make a false oath. Creditors cannot ask you to pay any debts which have been discharged. You can only receive a chapter 7 discharge once every six (6) years.

## WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?

The fact that you filed bankruptcy can appear on your credit report for as long as 10 years. Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future. Also, you may not be excused from repaying any debts that were not listed on your bankruptcy schedules or that you incurred after you filed bankruptcy.

## WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?

After you file your petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own. Reaffirming a debt means that you sign and file with the court a legally enforceable document, which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case. Reaffirmation agreements must generally be filed with the court within 60 days after the first meeting of creditors.

Reaffirmation agreements are strictly voluntary - they are not required by the Bankruptcy Code or other state or federal law. You can voluntarily repay any debt instead of signing a reaffirmation agreement, but there may be valid reasons for wanting to reaffirm a particular debt.

Reaffirmation agreements must not impose an undue burden on you or your dependents and must be in your best interest. If you decide to sign a reaffirmation agreement, you may cancel it at any time before the court issues your discharge order or within sixty (60) days after the reaffirmation agreement was filed with the court, whichever is later. If you reaffirm a debt and fail to make the payments required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any remaining debt.

## OTHER BANKRUPTCY OPTIONS

You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs. Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter.

Chapter 7 is the liquidation chapter of the Bankruptcy Code. Under chapter 7, a trustee is appointed to collect and sell, if economically feasible, all property you own that is not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals. Creditors vote on whether to accept or reject a plan, which also must be approved by the court. While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers. Family farmers must propose a plan to repay their creditors over a three-to-five year period and it must be approved by the court. Plan payments are made through a chapter 12 trustee, who also monitors the debtors' farming operations during the pendency of the plan.

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income. Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court. The debtor must pay the chapter 13 trustee the amounts set forth in their plan. Debtors receive a discharge after they complete their chapter 13 repayment plan. Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,077,000 ($269,250 in unsecured debts and $807,750 in secured debts).

AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TO YOUR SPECIFIC CASE.

| *9/ 2/2009* | */s/Karen L. Capriotti* |
|---|---|
| Date | Debtor |
| *9/ 2/2009* | */s/James Schelli, Jr.* |
| Date | Attorney for Debtor(s) |

**FORM B6A (Official Form 6A) (12/07)**

In re _Karen L. Capriotti_ _____ ,     Case No._____

Debtor(s)                                                                                            (if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Principal Residence located at 903 S. Butterfield Circle, Frankfort, Illinois. Home is in foreclosure.  Built in 1987 for $1,200,000 | Fee Simple | | $ 800,000.00 | $ 800,000.00 |
| No continuation sheets attached | | **TOTAL $** **(Report also on Summary of Schedules.)** | **800,000.00** | |

B6B (Official Form 6B) (12/07)

In re _Karen L. Capriotti_ _____,      Case No. _____

Debtor(s)                                                              (if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | None | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | *Cash on hand* *Location: In debtor's possession* | | $ 25.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *Checking account with Harris Bank, account currently frozen due to a Third Party Citation.* *Location: In debtor's possession* | | $ 3,439.17 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | *Misc. household goods and furnishings* *Location: In debtor's possession* | | $ 1,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | *Necessary wearing apparel* *Location: In debtor's possession* | | $ 800.00 |
| 7. Furs and jewelry. | | *Wedding band, wristwatch and misc. costume jewelry* *Location: In debtor's possession* | | $ 1,500.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |

Page __1__ of __4__

In re <u>Karen L. Capriotti</u>                                    ,      Case No. _____
                    Debtor(s)                                                                    (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| **10. Annuities. Itemize and name each issuer.** | X | | | |
| **11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c).)** | X | | | |
| **12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars.** | | *IRA with Prudential*<br>*Location: In debtor's possession* | | *$ 16,000.00* |
| **13. Stock and interests in incorporated and unincorporated businesses. Itemize.** | | *100% ownership of Dabbs Academy of Real Estate, Inc., a real estate training school. The corporation has no physical assets and uses space leased by Weichert Realtors Megabrokers, Inc.  The academy has not held a class for at least the last six months.*<br>*Location: In debtor's possession* | | *$ 10.00* |
| | | *100% ownership of Weichert Realtors Megabrokers, Inc., a real estate sales office located at 4137 Sauk Trail, Richton Park, Illinois.  The agency is a franchise of Weichert Realtors, Inc.  The physical assets consists of some used office equipment.  The franchise agreement was acquired at no cost, has restrictions on transfer and is believed to have no marketable value.  The liabilities of the corporation exceed its assets.*<br>*Location: In debtor's possession* | | *$ 10.00* |
| | | *Debtor inherited 1/10th of an interest in BiPetro (oil rights) which was previously owned by the Debtor's grandfather.  It is unknown whether there are restrictions on the transfer of the oil rights or if there is an active market through which the interests can be sold.  In the past, annual royalties from this asset earned $600 to $900.*<br>*Location: In debtor's possession* | | *Unknown* |

In re **Karen L. Capriotti**                                        ,                Case No. _____
                                                                                              (if known)
_____
Debtor(s)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts Receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as described in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |

**B6B (Official Form 6B) (12/07)**

In re **Karen L. Capriotti** _____ ,          Case No. _____
                    Debtor(s)                                              (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| **32. Crops - growing or harvested. Give particulars.** | X | | | | |
| **33. Farming equipment and implements.** | X | | | | |
| **34. Farm supplies, chemicals, and feed.** | X | | | | |
| **35. Other personal property of any kind not already listed. Itemize.** | X | | | | |

Page ___4___ of ___4___

**Total** ➡    **$ 22,784.17**

**(Report total also on Summary of Schedules.)**
**Include amounts from any continuation sheets attached.**

B6C (Official Form 6C) (12/07)

In re  _Karen L. Capriotti_ _____ ,    Case No. _____
                    Debtor(s)                                                          (if known)

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ☐ Check if debtor claims a homestead exemption that exceeds $136,875.

(Check one box)

☐ 11 U.S.C. § 522(b) (2)

☒ 11 U.S.C. § 522(b) (3)

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|---|
| *Cash on hand* | *735 ILCS 5/12-1001(b)* | $ 25.00 | $ 25.00 |
| *Checking account with* | *735 ILCS 5/12-1001(b)* | $ 1,455.00 | $ 3,439.17 |
| *Misc. household goods and furnishings* | *735 ILCS 5/12-1001(b)* | $ 1,000.00 | $ 1,000.00 |
| *Necessary wearing apparel* | *735 ILCS 5/12-1001(a)* | $ 800.00 | $ 800.00 |
| *Engagement ring, wedding band, wristwatch and misc. costume* | *735 ILCS 5/12-1001(b)* | $ 1,500.00 | $ 1,500.00 |
| *IRA with Prudential* | *735 ILCS 5/12-1006* | $ 16,000.00 | $ 16,000.00 |
| *100% ownership of Dabbs Academy of Real Estate, Inc.* | *735 ILCS 5/12-1001(b)* | $ 10.00 | $ 10.00 |
| *100% ownership of Weichert Realtors Megabrokers, Inc.* | *735 ILCS 5/12-1001(b)* | $ 10.00 | $ 10.00 |

B6D (Official Form 6D) (12/07)

In re **Karen L. Capriotti** _____ ,        Case No. _____

**Debtor(s)**                                                          **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number (See Instructions Above.) | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| | | H--Husband W--Wife J--Joint C--Community | | | | | |
| Account No: _1099_ <br><br> Creditor # : 1 <br> Standard Bank & Trust <br> 7800 W 95th St <br> Hickory Hills IL 60457 | X  J | 1999-10-07 <br><br> Mortgage <br><br><br><br> Value: **$ 800,000.00** | | | | $ 166,672.00 | $ 102,726.00 |
| Account No: _1099_ <br><br> Representing: <br> Standard Bank & Trust | | James B. Carroll & Assoc.s <br> 7800 W. 95th Street #2E <br> Hickory Hills IL 60457 <br><br> Value: | | | | | |
| Account No: _0200_ <br><br> Creditor # : 2 <br> Standard Bank & Trust <br> 7800 W 95th St <br> Hickory Hills IL 60457 | X  J | 2000-02-16 <br><br><br><br> Value: **$ 800,000.00** | | | | $ 736,054.00 | $ 0.00 |

_1_ continuation sheets attached

|  | Subtotal $ <br> (Total of this page) | $ 902,726.00 | $ 102,726.00 |
|---|---|---|---|
|  | Total $ <br> (Use only on last page) | | |
|  |  | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

B6D (Official Form 6D) (12/07)   - Cont.

In re _Karen L. Capriotti_____,      Case No._____
          **Debtor(s)**                                                                     **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address Including ZIP Code and Account Number (See Instructions Above.) | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: _0200_ <br><br> _Representing:_ <br> _Standard Bank & Trust_ | | _James B. Carroll & Assoc._ <br> _7800 W. 95th Street #2E_ <br> _Hickory Hills IL 60457_ <br><br> Value: | | | | | |
| Account No: | | <br><br> Value: | | | | | |
| Account No: | | <br><br> Value: | | | | | |
| Account No: | | <br><br> Value: | | | | | |
| Account No: | | <br><br> Value: | | | | | |
| Account No: | | <br><br> Value: | | | | | |

Sheet no. _1_ of _1_  continuation sheets attached to Schedule of Creditors
Holding Secured Claims

| | Subtotal $ (Total of this page) | $ 0.00 | $ 0.00 |
|---|---|---|---|
| | Total $ (Use only on last page) | $ 902,726.00 | $ 102,726.00 |
| | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

In re _Karen L. Capriotti_ ,   Case No._____
         **Debtor(s)**                                                                              **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts NOT entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☒ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_2_   **continuation sheets attached**

Official Form 6E (12/07) - Cont.

In re Karen L. Capriotti                                          ,        Case No._____
                        **Debtor(s)**                                                   **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

Type of Priority for Claims Listed on This Sheet: *Wages, salaries, and commissions*

| Creditor's Name, Mailing Address Including ZIP Code, and Account Number *(See instructions above.)* | Co-Debtor | Date Claim was Incurred and Consideration for Claim H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim | Amount Entitled to Priority | Amount not Entitled to Priority, if any |
|---|---|---|---|---|---|---|---|---|
| Account No: *1264* <br> *Creditor # : 1* <br> *Illinois Department of Labor* <br> *160 North LaSalle* <br> *Suite C-1300* <br> *Chicago IL 60601* | X | *2008* <br> *Wages* <br> *Dawn M. Svenningsen* | | | X | *$ 6,346.14* | *$ 6,346.14* | *$ 0.00* |
| Account No: *4265* <br> *Creditor # : 2* <br> *Illinois Department of Labor* <br> *160 North LaSalle* <br> *Suite C-1300* <br> *Chicago IL 60601* | X | *2008* <br> *Wages* <br> *Shbah Qader* | | | X | *$ 7,326.00* | *$ 7,326.00* | *$ 0.00* |
| Account No: <br> *Creditor # : 3* <br> *Illinois Department of Labor* <br> *c/o Raymond G. Garza* <br> *100 West Randolph St. 13 FL* <br> *Chicago IL 60601* | X | *2008* <br> *Wages* <br> *Wage Claims, case 2009 L 08941* | | | X | *Unknown* | *$ 0.00* | |
| Account No: *9827* <br> *Creditor # : 4* <br> *Natasha Benson* <br> *c/o Transworld Systems* <br> *2235 Mercury Wat #275* <br> *Santa Rosa CA 95407* | X | *2007* <br> *Wages* | | | X | *$ 3,247.20* | *$ 3,247.20* | *$ 0.00* |
| Account No: | | | | | | | | |
| Account No: | | | | | | | | |

Sheet No. __1__ of __2__ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | Subtotal $ <br> (Total of this page) | *16,919.34* | *16,919.34* | *0.00* |
|---|---|---|---|---|
| | Total $ <br> (Use only on last page of the completed Schedule E. Report total also on Summary of Schedules) | | | |
| | Total $ <br> (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | | |

Official Form 6E (12/07) – Cont.

In re Karen L. Capriotti _____ ,    Case No._____

**Debtor(s)**    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

Type of Priority for Claims Listed on This Sheet: *Taxes and Certain Other Debts Owed to Governmental Units*

| Creditor's Name, Mailing Address Including ZIP Code, and Account Number *(See instructions above.)* | Co-Debtor | Date Claim was Incurred and Consideration for Claim H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim | Amount Entitled to Priority | Amount not Entitled to Priority, if any |
|---|---|---|---|---|---|---|---|---|
| Account No: *0254* <br> *Creditor # : 5* <br> *Illinois Department of Revenue* <br> *Bankruptcy Section Level 7-425* <br> *100 W. Randolph Street* <br> *Chicago IL 60606* | X | *2007* <br> *Witholding taxes* | | | X | *Unknown* | *$ 0.00* | |
| Account No: | | | | | | | | |
| Account No: | | | | | | | | |
| Account No: | | | | | | | | |
| Account No: | | | | | | | | |
| Account No: | | | | | | | | |

Sheet No. _2_ of _2_ continuation sheets attached
to Schedule of Creditors Holding Priority Claims

| | | | | | | Subtotal $ (Total of this page) | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Total $ (Use only on last page of the completed Schedule E. Report total also on Summary of Schedules) | *16,919.34* | |
| | | | | | | Total $ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | *16,919.34* | *0.00* |

B6F (Official Form 6F) (12/07)

In re **_Karen L. Capriotti_**_____ ,   Case No._____
        **Debtor(s)**                                                                     (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules, and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: **1383**<br>**Creditor # : 1**<br>**Amex**<br>**Po Box 297871**<br>**Fort Lauderdale FL 33329** | | H | **1988-03-23** | | | | **$ 2,550.00** |
| Account No: **1383**<br>**Representing:**<br>**Amex** | | | **NCO Financial Services**<br>**1804 Washington Blvd.**<br>**Mailstop 450**<br>**Baltimore MD 21230** | | | | |
| Account No: **0308**<br>**Creditor # : 2**<br>**Amex**<br>**P.o. Box 297871**<br>**Fort Lauderdale FL 33329-7871** | | C | **1999-06-01**<br>**Credit Card Purchases** | | | | **$ 1,044.00** |
| Account No: **0308**<br>**Representing:**<br>**Amex** | | | **American Exoress**<br>**Correspondence Address**<br>**P.O. Box 6618**<br>**Omaha NE 68105** | | | | |

_6_ continuation sheets attached

                                                                 **Subtotal $**         **$ 3,594.00**

                                                                    **Total $**

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re _Karen L. Capriotti_____ ,          Case No. _____
         **Debtor(s)**                                                                      (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:    4843<br>Creditor # : 3<br>Amex<br>Po Box 297871<br>Fort Lauderdale FL 33329 | | | 1984-03-20<br>Credit Card Purchases | | | | $ 2.00 |
| Account No:<br>Creditor # : 4<br>Arete 3, Ltd.<br>c/o Dirk Van Beek<br>7220 West 194th Street #104<br>Tinley Park IL 60487 | X | | 2006<br>Possible Guarantee of Corp. debt | | | X | $ 5,426.82 |
| Account No:    5472<br>Creditor # : 5<br>Bradley J. Waller, Trustee<br>Klien Stoddard Buck, et al.<br>2045 Aberdeen Court, Ste A<br>Sycamore IL 60178 | | | 2007<br>Corporate Receiver<br>Claim from In Re Joe K. Dabbs, 96 B 15472 | | | | $ 206,470.89 |
| Account No:    3347<br>Creditor # : 6<br>Cap One<br>P.O. Box 85520<br>Richmond VA 23285 | | | 2003-07-15<br>Credit Card Purchases | | | | $ 2,527.00 |
| Account No:    4906<br>Creditor # : 7<br>Cap One<br>P.O. Box 85520<br>Richmond VA 23285 | | | 1997-12-17<br>Credit Card Purchases | | | | $ 168.00 |
| Account No:<br>Creditor # : 8<br>Century 21 Real Estate LLC<br>c/o Tabet DiVito & Rothstein<br>209 S. LaSalle Street, 7th FL<br>Chicago IL 60604 | X | | 2008<br>Contract Dispute | | | X | Unknown |

Sheet No. _1_ of _6_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $    $ 214,594.71

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re _Karen L. Capriotti_____,   Case No._____
          **Debtor(s)**                                         **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:   2087<br>Creditor # : 9<br>Chase<br>P.O. Box 15298<br>Wilmington DE 19850 | | 1994-03-01<br>Credit Card Purchases | | | | $ 4,971.00 |
| Account No:   8824<br>Creditor # : 10<br>Commercial Carpet Consultants<br>c/o Richard J. Arendt<br>640 N. LaSalle Street, #270<br>Chicago IL 60610 | X | 2007<br>Guarantee of corporate debt<br>Judgement Creditor | | | | Unknown |
| Account No:   2650<br>Creditor # : 11<br>Daily Southtown, Inc.<br>c/o Biehl & Biehl, Inc.<br>P.O. Box 87410<br>Carol Stream IL 60188 | X | 2007<br>Possible Guarantee of Corp. debt | | | X | $ 52,241.92 |
| Account No:   8019<br>Creditor # : 12<br>Discover Fin Svcs Llc<br>P.O. Box 15316<br>Wilmington DE 19850 | | 1999-10-04<br>Credit Card Purchases | | | | $ 9,548.00 |
| Account No:   2438<br>Creditor # : 13<br>Endodontic & Periodntic<br>c/o Joel Cardis, LLC<br>2006 Swede Road, #100<br>Norristown PA 19401 | | 2007<br>Medical Bills | | | | $ 2,541.74 |
| Account No:   2711<br>Creditor # : 14<br>G M A C<br>15303 S 94th Ave<br>Orland Park IL 60462 | X | 2007-08-31<br>Auto Lease<br>Guarantee of auto lease | | | | $ 24,778.00 |

Sheet No.  _2_ of  _6_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

                                                               **Subtotal $**   $ 94,080.66

                                                               **Total $**

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re _Karen L. Capriotti_____,   Case No. _____
          **Debtor(s)**                                               **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   0544<br>Creditor # : 15<br>Hartford Meiers, Inc.<br>c/o Brian A. Bosch<br>4070 Central Avenue, #200<br>Western Springs IL 60558 | | | *2008*<br>*Judgement Creditor* | | | | $ 503,976.00 |
| Account No:   0544<br><br>Representing:<br>Hartford Meiers, Inc. | | | *Mary Frances Hill*<br>*12400 S. Harlem*<br>*Palos Heights IL 60463* | | | | |
| Account No:   5172<br>Creditor # : 16<br>I.D.E.S.<br>Chicago Region<br>527 S. Wells<br>Chicago IL 60607 | X | | *2009*<br>*Possible Guarantee of Corp. debt* | | | X | Unknown |
| Account No:<br>Creditor # : 17<br>Michael Hansbrough<br>c/o Steven M. Shaykin, PC<br>2227A Hamond Drive<br>Schaumburg IL 60173 | X | | *2006*<br>*Collection Attempt*<br>*Commissions claimed* | | | | $ 7,800.00 |
| Account No:   8596<br>Creditor # : 18<br>Midwest Suburban Publishing<br>c/o Michael D. Weis<br>P.O. Box 1166<br>Northbrook IL 60065 | X | | *2008*<br>*Guarantee of corporate debt*<br>*Judgement Creditor* | | | | $ 0.00 |
| Account No:   2101<br>Creditor # : 19<br>National City Bank of Midwest<br>Orland Park Place<br>15411 LaGrange Road<br>Orland Park IL 60462 | X | | *2006*<br>*Guarantee of corporate debt* | | | | $ 28,255.95 |

Sheet No. __3__ of __6__ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

**Subtotal $**    $ 540,031.95

**Total $**

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re _Karen L. Capriotti_____,   Case No._____
    **Debtor(s)**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   8675 <br> Creditor # : 20 <br> Pmt Advertising <br> c/o Biehl & Biehl, Inc. <br> P.O. Box 87410 <br> Carol Stream IL 60188 | X | | 2007 <br> Possible Guarantee of Corp. debt | | | X | $ 9,239.00 |
| Account No:   5116 <br> Creditor # : 21 <br> Prime Market Targeting, Inc. <br> c/o Michael D. Weis <br> P.O. Box 1166 <br> Northbrook IL 60065 | X | | 2007 <br> Guarantee of corporate debt <br> Judgement Creditor | | | X | $ 10,543.52 |
| Account No:   8310 <br> Creditor # : 22 <br> Progressive Insuranc <br> c/o NCO Financial <br> PO BOX 15636 <br> Wilmington DE 19850 | | H | 2007-08-26 | | | | $ 116.00 |
| Account No:   7261 <br> Creditor # : 23 <br> Quality Paperback Bo <br> c/o RJM Acquistiion LLC <br> 575 UNDERHILL BLVD STE 2 <br> Syosset NY 11791 | | H | 2008-02-11 | | | | $ 198.00 |
| Account No:   0482 <br> Creditor # : 24 <br> Schenck Business Solutions <br> 200 E. Washington Street <br> P.O. Box 1739 <br> Appleton WI 54912 | X | | 2008 <br> Services Provided <br> Accounting fees for multipal <br> businesses | | | | Unknown |
| Account No:   0482 <br> Representing: <br> Schenck Business Solutions | | | Finance System of Greenbay <br> 301 N Jachson Street <br> P.O. Box 1597 <br> Green Bay WI 54301 | | | | |

Sheet No. __4__ of ___6__ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $     $ 20,096.52

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07) - Cont.

In re **Karen L. Capriotti** ,                Case No. _____
        **Debtor(s)**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: 4936 Creditor # : 25 Schwartz Cooper 180 North LaSalle Street Suite 2700 Chicago IL 60601 | X | *2008* Possible Guarantee of Corp. debt | | | | $ 48,122.75 |
| Account No: Creditor # : 26 Standard Bank & Trust 7800 West 95th Street Hickory Hills IL 60457 | | *2007* Business Loan Remaining liability from mortgage loans on two commercial buildings | | | | *Unknown* |
| Account No: Representing: Standard Bank & Trust | | James B. Carrol & Assoc.s 7800 W. 95th Street #2E Hickory Hills IL 60457 | | | | |
| Account No: 3365 Creditor # : 27 Target Nb Po Box 673 Minneapolis MN 55440 | | *2000-06-18* Credit Card Purchases | | | | $ 504.00 |
| Account No: 5713 Creditor # : 28 The Univ. of Chgo Hospital c/o M3 Financial Services P.O. Box 802089 Chicago IL 60680 | | *2007* Medical Bills | | | | $ 5,787.30 |
| Account No: 6909 Creditor # : 29 Univ. of Chgo Physicians-QV P.O. Box 2139 Bedford Park IL 60499 | | *2007* Medical Bills | | | | $ 60.00 |

Sheet No. **5** of **6** continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal $ | $ 54,474.05
Total $ |

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07) - Cont.

In re _Karen L. Capriotti_____ ,   Case No._____
             **Debtor(s)**                                                              **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:    **Creditor # : 30** Waner Enterprises, Inc. c/o Goldstein, Skrodzki, et al 835 McClinton Dr. 2nd FL Willowbrook IL 60527 | X | | *2006* *Possible Guarantee of Corp. debt* | | | X | *Unknown* |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |

Sheet No. _6_ of _6_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| **Subtotal $** | *$ 0.00* |
| **Total $** (Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data) | *$ 926,871.89* |

In re *Karen L. Capriotti* _____ / Debtor  Case No. _____
(if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State the nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| | |

In re _Karen L. Capriotti_ _____ / Debtor   Case No. _____

(if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preeceding the commencement of the case, identify the name of the debtors spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| Dabbs & Associates, Inc.<br>c/o Anthony G. Catullo<br>18141 Dixie Highway #108<br>Homewood IL  60300 | Century 21 Real Estate LLC<br>c/o Tabet DiVito & Rothstein<br>209 S. LaSalle Street, 7th FL<br>Chicago IL  60604<br><br>Commercial Carpet Consultants<br>c/o Richard J. Arendt<br>640 N. LaSalle Street, #270<br>Chicago IL  60610<br><br>Daily Southtown, Inc.<br>c/o Biehl & Biehl, Inc.<br>P.O. Box 87410<br>Carol Stream IL  60188<br><br>G M A C<br>15303 S 94th Ave<br>Orland Park IL  60462<br><br>I.D.E.S.<br>Chicago Region<br>527 S. Wells<br>Chicago IL  60607<br><br>Illinois Department of Labor<br>160 North LaSalle<br>Suite C-1300<br>Chicago IL  60601<br><br>Illinois Department of Labor<br>160 North LaSalle<br>Suite C-1300<br>Chicago IL  60601<br><br>Illinois Department of Labor<br>c/o Raymond G. Garza<br>100 West Randolph St. 13 FL<br>Chicago IL  60601 |

B6H (Official Form 6H) (12/07)

In re **Karen L. Capriotti** _____ / Debtor     Case No. _____

(if known)

# SCHEDULE H-CODEBTORS

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| *Dabbs & Associates, Inc....continued* | *Illinois Department of Revenue*<br>*Bankruptcy Section Level 7-425*<br>*100 W. Randolph Street*<br>*Chicago IL  60606*<br><br>*Michael Hansbrough*<br>*c/o Steven M. Shaykin, PC*<br>*2227A Hamond Drive*<br>*Schaumburg IL  60173*<br><br>*Natasha Benson*<br>*c/o Transworld Systems*<br>*2235 Mercury Wat #275*<br>*Santa Rosa CA  95407*<br><br>*Schenck Business Solutions*<br>*200 E. Washington Street*<br>*P.O. Box 1739*<br>*Appleton WI  54912*<br><br>*Schwartz Cooper*<br>*180 North LaSalle Street*<br>*Suite 2700*<br>*Chicago IL  60601*<br><br>*Waner Enterprises, Inc.*<br>*c/o Goldstein, Skrodzki, et al*<br>*835 McClinton Dr. 2nd FL*<br>*Willowbrook IL  60527* |
| *Dabbs Construction & Remodelin*<br>*c/o Anthony G. Catullo*<br>*18141 Diwie Highway, Suite 108*<br>*Homewood IL  60300* | *Schenck Business Solutions*<br>*200 E. Washington Street*<br>*P.O. Box 1739*<br>*Appleton WI  54912* |
| *Dabbs Corporate, Inc.*<br>*c/o Anthony G. Catullo*<br>*18141 Dixie Highway, Suite 108*<br>*Homewood IL  60300* | *Arete 3, Ltd.*<br>*c/o Dirk Van Beek*<br>*7220 West 194th Street #104*<br>*Tinley Park IL  60487*<br><br>*Century 21 Real Estate LLC*<br>*c/o Tabet DiVito & Rothstein*<br>*209 S. LaSalle Street, 7th FL*<br>*Chicago IL  60604* |

B6H (Official Form 6H) (12/07)

In re _Karen L. Capriotti_ _____ / Debtor      Case No. _____
                                                                              (if known)

# SCHEDULE H-CODEBTORS

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| | *National City Bank of Midwest*<br>*Orland Park Place*<br>*15411 LaGrange Road*<br>*Orland Park IL  60462* |
| *Dabbs Corporate, Inc....continued* | *Schenck Business Solutions*<br>*200 E. Washington Street*<br>*P.O. Box 1739*<br>*Appleton WI  54912* |
| *Dabbs Executives, Inc.*<br>*c/o Anthony G. Catullo*<br>*18141 Dixie Highway, Suite 108*<br>*Homewood IL  60300* | *Century 21 Real Estate LLC*<br>*c/o Tabet DiVito & Rothstein*<br>*209 S. LaSalle Street, 7th FL*<br>*Chicago IL  60604* |
| | *Schenck Business Solutions*<br>*200 E. Washington Street*<br>*P.O. Box 1739*<br>*Appleton WI  54912* |
| *Dabbs South, Inc.*<br>*c/o Anthony G. Catullo*<br>*18141 Dixie Highway, Suite 108*<br>*Homewood IL  60300* | *Century 21 Real Estate LLC*<br>*c/o Tabet DiVito & Rothstein*<br>*209 S. LaSalle Street, 7th FL*<br>*Chicago IL  60604* |
| | *Schenck Business Solutions*<br>*200 E. Washington Street*<br>*P.O. Box 1739*<br>*Appleton WI  54912* |
| *Dabbs Southwest, Inc.*<br>*c/o Anthony G. Catullo*<br>*18141 Dixie Highway, Suite 108*<br>*Homewood IL  60300* | *Century 21 Real Estate LLC*<br>*c/o Tabet DiVito & Rothstein*<br>*209 S. LaSalle Street, 7th FL*<br>*Chicago IL  60604* |
| | *Midwest Suburban Publishing*<br>*c/o Michael D. Weis*<br>*P.O. Box 1166*<br>*Northbrook IL  60065* |
| | *Pmt Advertising*<br>*c/o Biehl & Biehl, Inc.*<br>*P.O. Box 87410*<br>*Carol Stream IL  60188* |

B6H (Official Form 6H) (12/07)

In re _Karen L. Capriotti_ _____ / Debtor      Case No. _____

(if known)

# SCHEDULE H-CODEBTORS

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| | *Prime Market Targeting, Inc.* <br> *c/o Michael D. Weis* <br> *P.O. Box 1166* <br> *Northbrook IL  60065* |
| *Dabbs Southwest, Inc....continued* | *Schenck Business Solutions* <br> *200 E. Washington Street* <br> *P.O. Box 1739* <br> *Appleton WI  54912* |
| *Laurence Capriotti* <br> *FCI Elkon* <br> *P.O. Box 10* <br> *Lisbon OH  44432* | *Standard Bank & Trust* <br> *7800 W 95th St* <br> *Hickory Hills IL  60457* |
| | *Standard Bank & Trust* <br> *7800 W 95th St* <br> *Hickory Hills IL  60457* |

B6I (Official Form 6I) (12/07)

In re _Karen L. Capriotti_____ ,    Case No. _____
                    **Debtor(s)**                                          **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: _Single_ | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | _Real Estate Broker_ | |
| Name of Employer | _Weichert Realtors Megabrokers_ | |
| How Long Employed | _17 months_ | |
| Address of Employer | _4137 Sauk Trail_ _Richton Park IL   60471_ | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 0.00 | $ | 0.00 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 0.00 | $ | 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | 0.00 | $ | 0.00 |
| b. Insurance | $ | 0.00 | $ | 0.00 |
| c. Union dues | $ | 0.00 | $ | 0.00 |
| d. Other  (Specify): | $ | 0.00 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ | 0.00 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | 2,000.00 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance (Specify): | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income (Specify): | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 2,000.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME    (Add amounts shown on lines 6 and 14) | $ | 2,000.00 | $ | 0.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME:   (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | | $ | 2,000.00 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J(Official Form 6J)(12/07)

In re <u>*Karen L. Capriotti*</u>                                        ,          Case No. _____

                     **Debtor(s)**                                                                                                                    (if known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

     Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22 A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 0.00 |
|   a. Are real estate taxes included?   Yes ☐   No ☐ | | |
|   b. Is property insurance included?   Yes ☐   No ☐ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 400.00 |
|        b. Water and sewer | $ | 60.00 |
|        c. Telephone | $ | 60.00 |
|        d. Other | $ | 0.00 |
|      Other | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 100.00 |
| 4. Food | $ | 400.00 |
| 5. Clothing | $ | 50.00 |
| 6. Laundry and dry cleaning | $ | 40.00 |
| 7. Medical and dental expenses | $ | 30.00 |
| 8. Transportation (not including car payments) | $ | 250.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 40.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | $ | 0.00 |
|     b. Life | $ | 60.00 |
|     c. Health | $ | 0.00 |
|     d. Auto | $ | 0.00 |
|     e. Other | $ | 0.00 |
|      Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage) | | |
| (Specify)   *Self Employment taxes* | $ | 312.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | $ | 0.00 |
|     b. Other: | $ | 0.00 |
|     c. Other: | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 50.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other:   *Hair cuts, personal exp.s* | $ | 100.00 |
|     Other: | $ | 0.00 |
| | | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES  Total lines 1-17. Report also on Summary of Schedules | $ | 1,952.00 |
|   and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | | |
|---|---|---|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
|   a. Average monthly income from Line 16 of Schedule I | $ | 2,000.00 |
|   b. Average monthly expenses from Line 18 above | $ | 1,952.00 |
|   c. Monthly net income (a. minus b.) | $ | 48.00 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## NORTHERN DIVISION

In re **Karen L. Capriotti**

Case No.

Chapter **7**

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | Yes | 1 | $ 800,000.00 | | |
| B-Personal Property | Yes | 4 | $ 22,784.17 | | |
| C-Property Claimed as Exempt | Yes | 1 | | | |
| D-Creditors Holding Secured Claims | Yes | 2 | | $ 902,726.00 | |
| E-Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | $ 16,919.34 | |
| F-Creditors Holding Unsecured Nonpriority Claims | Yes | 7 | | $ 926,871.89 | |
| G-Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H-Codebtors | Yes | 4 | | | |
| I-Current Income of Individual Debtor(s) | Yes | 1 | | | $ 2,000.00 |
| J-Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 1,952.00 |
| TOTAL | | 25 | $ 822,784.17 | $ 1,846,517.23 | |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# NORTHERN DIVISION

In re *Karen L. Capriotti*

Case No.

Chapter **7**

_____ / Debtor

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ *0.00* |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ *0.00* |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ *0.00* |
| Student Loan Obligations (from Schedule F) | $ *0.00* |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ *0.00* |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ *0.00* |
| **TOTAL** | $ *0.00* |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ *2,000.00* |
| Average Expenses (from Schedule J, Line 18) | $ *1,952.00* |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $ *3,900.00* |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ *102,726.00* |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $ *16,919.34* | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ *0.00* |
| 4. Total from Schedule F | | $ *926,871.89* |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ *1,029,597.89* |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re _Karen L. Capriotti_ _____    Case No. _____
                              Debtor                                                    (if known)


# DECLARATION CONCERNING DEBTOR'S SCHEDULES


## DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____26_____ sheets, and that they are true and correct to the best of my knowledge, information and belief.


Date: _9/2/2009_____          Signature _/s/ Karen L. Capriotti_____
                                                       _Karen L. Capriotti_




[If joint case, both spouses must sign.]


Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# NORTHERN DIVISION

In re:*Karen L. Capriotti*                                                    Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## *DEFINITIONS*

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor my also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

---

### 1. Income from employment or operation of business

None ☐   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter  13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is  not  filed.)

AMOUNT                                           SOURCE

*Year to date: $16,000*          *Amounts are estimated*
*Last Year: $24,000*
*Year before: $30,000*

---

### 2. Income other than from employment or operation of business

None ☒   State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is  not filed.)

**3. Payments to creditors**

None
☒

Complete a. or b., as appropriate, and c.

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☒

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filingunder chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☒

c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *Hartford Meiers, Inc. as assignee of Sord Management, Inc. v. Karen Capriotti, 2008 M5 001145* | *Contract Dispute* | *Circuit Court of Cook County, Chicago, Illinois* | *Judgement Entered* |
| *Century 21 Real Estate, LLC f/k/a Century 21 Real Estate Corporation v. Karen L. Capriotti, Dabbs & Associates, et al., 09 cv 4118* | *Contract Dispute* | *United States District Court for the Northern District of Illinois, Eastern Division, Chicago, Illinois* | *Pending* |
| *Illinois Department of Labor v. Century 21 Dabbs a/k/a Weichert Megabrokers & Karen Capriotti, 2009L008941* | *Action to recover wages* | *Circuit Court of Cook County, Law Division, Chicago, Illinois* | *Pending* |

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *Standard Bank & Trust v. Karen Capriotti, et al., 08CH07007* | *Foreclosure action on commercial property located at* | *Circuit Court of Cook County, Chancery Division, Cook County, Illinois* | *Judgement in favor of Plaintiff* |
| *Standard Bank and Trust Co. v. Karen Capriotti, Laurence W. Capriotti, et al., 08CH921* | *Foreclosure* | *Circuit Court for the 12th Judicial Circuit, Will County - Joliet, Illinois* | *Sale Pending* |
| *Midwest Suburban Publishing, Inc., et al. v. Dabbs southwest, Inc. and Karen Capriotti, 07L008596* | *Collection action* | *Circuit Court of Cook County, Law Division, Chicago, Illinois* | *Judgement in favor of Plaintiff for $52,941* |
| *Prime Market Targeting, Inc. v. Dabbs Southwest* | *Collection attempt* | *Circuit Court of Cook County, Municipal Division, First District, Chicago, Illinois* | *Judgement in favor of plaintiff for $10,543.52, disputed personal liability* |
| *Commercial Carpet Consultants, Inc. v. Karen Capriotti, et al., 07CH18824* | *Contract dispute* | *Circuit Court of Cook County, Chancery Division, Chicago, Illinois* | *Judgement in favor of Plaintiff* |
| *Sord Management, Inc. v. Karen Capriotti, 08M50544* | *Contract dispute* | *Circuit Court of Cook County, Chicago, Illinois* | *Judgement in favor of Plaintiff for $503,976.* |

None ☐  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Name: Harford Meiers, Inc. Address: c/o Brain A. Bosch, 4070 Central Avenue, Western Springs, IL 60558* | *08/05/2009* | *Description: Funds on deposit at Harris N.A. Value: $3,539.17* |

## 5. Repossessions, foreclosures and returns

None ☐  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Name:Standard Bank & Trust Address: 7800 West 95th Street, Hickory Hills, IL 60457* | *2009* | *Description:Commercial Office Building and office equipment located at 3897-3911 W. Sauk Trail, Richton Park, Illinois Value: Unknown, amount realized reportedly did not exceed the mortgage* |
| *Name: Standard Bank and Trust Address: 7800 West 95th Street, Hickory Hills, IL 60457* | *2008* | *Description: Office building and office equipment  located at 10600 S. Western Avenue, Chicago, IL Value: unknown but reportedly less than amount of mortgage.* |

## 6. Assignments and receiverships

None ☒   a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None ☒   List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None ☒   List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None ☐   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Payee: James Schelli, Jr. Address: 1730 Park Street, Suite 220* | *Date of Payment: 08/21/2009 Payor: Cora L. Lister* | *$5,000.00* |

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

*Naperville, IL 60563*

---

## 10. Other transfers

None ☒    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒    b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

## 11. Closed financial accounts

None ☒    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

## 12. Safe deposit boxes

None ☒    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

## 13. Setoffs

None ☒    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

## 14. Property held for another person

None ☒    List all property owned by another person that the debtor holds or controls.

---

## 15. Prior address of debtor

None ☒    If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

---

## 16. Spouses and Former Spouses

None ☒    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

None
☒

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar termunder an Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

None
☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None
☐

a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses   in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencment of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses   in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencment of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| *Century 21 Dabbs & Associates, Inc., a/k/a Dabbs & Associates, Inc., a/k/a Dabbs & Associates Realty, Inc.* | *ID:* | *3911 Sauk Trail, Richton Park, Illinois* | *Real Estate Broker/Sales Office* | *1/23/1985 to October 2007* |

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| Century 21 Dabbs South, ak/a Dabbs South, Inc. | ID: | 10600 South Western Avenue, Chicago, Illinois | Real Estate Broker/Sales Office | 1/25/1989 to March 2008 |
| Century 21 Dabbs Southwest, Inc. a/k/a Dabbs Southwest, Inc. | ID: | 10624 South Cicero Avenue, Oak Lawn, Illinois | Real Estate Broker/Sales Office | 12/08/1988 to 05/09/2008 |
| Century 21 Dabbs Executives, Inc., a/k/a Dabbs Executives, Inc. | ID: | 2080 East 159th Street, Calumet City, Illinois | Real Estate Broker/Sales Office | 01/22/1990 to 12/30/2004 |
| Dabbs Corporate, Inc. | ID: | 15565 South 94th Avenue, Orland Park, Illinois | Real Estate Broker/Sales Office | 12/04/1984 to 05/09/2008 |
| Dabbs Construction & Remodeling, Inc. | ID: | 15565 S. 94th Avenue, Orland Park, IL 60462 | Home construction and remodeling | 02/05/1993 to 07/13/2007 |
| Dabbs Academy of Real Estate, Inc. | ID: | 4137 Sauk Trail, Richton Park, Illinois | Real Estate agent school | 12/03/2007 to |
| Dabbs Mega-Brokers, Inc. | ID: | | Real Estate Broker/Sales Office | 12/03/1992 to |
| Megabrokers, Inc., n/k/a Weichert Realtors Megabrokers, Inc. | ID: | 4137 Sauk Trail, Richton Park, Illinois | Real Estate Broker/Sales Office | 04/09/2008 to current |

None    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

☒

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  *9/ 2/2009*      Signature  */s/ Karen L. Capriotti*
of Debtor

Date  _____      Signature  _____
of Joint Debtor
(if any)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# NORTHERN DIVISION

In re *Karen L. Capriotti*

Case No.
Chapter **7**

_____ / Debtor

# CHAPTER 7 STATEMENT OF INTENTION

**Part A -** Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

---

**Property No.** *1*

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *Standard Bank & Trust* | *Principal Residence located at 903 S. Butterfield Circle* |

Property will be (check one) :

☒ Surrendered     ☐ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt     ☒ Not claimed as exempt

---

**Property No.** *2*

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *Standard Bank & Trust* | *Principal Residence located at 903 S. Butterfield Circle* |

Property will be (check one) :

☒ Surrendered     ☐ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt     ☒ Not claimed as exempt

**Part B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. | | |
|---|---|---|
| **Lessor's Name:**<br><br>*None* | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br><br>☐ Yes       ☐ No |

### Signature of Debtor(s)

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: _9/ 2/2009_____        Debtor: _/s/ Karen L. Capriotti_____

Date: _____        Joint Debtor: _____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# NORTHERN DIVISION

In re *Karen L. Capriotti*

Case No.
Chapter  *7*

_____ / Debtor

Attorney for Debtor:  *James Schelli, Jr.*

### VERIFICATION OF CREDITOR MATRIX

The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of our knowledge.

Date: _____

*/s/ Karen L. Capriotti* _____
Debtor

American Exoress
Correspondence Address
P.O. Box 6618
Omaha, NE  68105

Commercial Carpet Consultan
c/o Richard J. Arendt
640 N. LaSalle Street, #270
Chicago, IL  60610

Endodontic & Periodntic
c/o Joel Cardis, LLC
2006 Swede Road, #100
Norristown, PA  19401

Amex
P.O. Box 297871
Fort Lauderdale, FL  33329-

Dabbs & Associates, Inc.
c/o Anthony G. Catullo
18141 Dixie Highway #108
Homewood, IL  60300

Finance System of Greenbay
301 N Jachson Street
P.O. Box 1597
Green Bay, WI  54301

Amex
Po Box 297871
Fort Lauderdale, FL  33329

Dabbs Construction & Remode
c/o Anthony G. Catullo
18141 Diwie Highway, Suite
Homewood, IL  60300

G M A C
15303 S 94th Ave
Orland Park, IL  60462

Arete 3, Ltd.
c/o Dirk Van Beek
7220 West 194th Street #104
Tinley Park, IL  60487

Dabbs Corporate, Inc.
c/o Anthony G. Catullo
18141 Dixie Highway, Suite
Homewood, IL  60300

Hartford Meiers, Inc.
c/o Brian A. Bosch
4070 Central Avenue, #200
Western Springs, IL  60558

Bradley J. Waller, Trustee
Klien Stoddard Buck, et al.
2045 Aberdeen Court, Ste A
Sycamore, IL  60178

Dabbs Executives, Inc.
c/o Anthony G. Catullo
18141 Dixie Highway, Suite
Homewood, IL  60300

I.D.E.S.
Chicago Region
527 S. Wells
Chicago, IL  60607

Cap One
P.O. Box 85520
Richmond, VA  23285

Dabbs South, Inc.
c/o Anthony G. Catullo
18141 Dixie Highway, Suite
Homewood, IL  60300

Illinois Department of Labo
c/o Raymond G. Garza
100 West Randolph St. 13 FL
Chicago, IL  60601

Karen L. Capriotti
903 S. Butternut Circle
Frankfort, IL  60423

Dabbs Southwest, Inc.
c/o Anthony G. Catullo
18141 Dixie Highway, Suite
Homewood, IL  60300

Illinois Department of Labo
160 North LaSalle
Suite C-1300
Chicago, IL  60601

Century 21 Real Estate LLC
c/o Tabet DiVito & Rothstei
209 S. LaSalle Street, 7th
Chicago, IL  60604

Daily Southtown, Inc.
c/o Biehl & Biehl, Inc.
P.O. Box 87410
Carol Stream, IL  60188

Illinois Department of Reve
Bankruptcy Section Level 7-
100 W. Randolph Street
Chicago, IL  60606

Chase
P.O. Box 15298
Wilmington, DE  19850

Discover Fin Svcs Llc
P.O. Box 15316
Wilmington, DE  19850

James B. Carrol & Assoc.s
7800 W. 95th Street #2E
Hickory Hills, IL  60457

James B. Carroll & Assoc.
7800 W. 95th Street #2E
Hickory Hills, IL  60457

National City Bank of Midwes
Orland Park Place
15411 LaGrange Road
Orland Park, IL  60462

Standard Bank & Trust
7800 West 95th Street
Hickory Hills, IL  60457


James B. Carroll & Assoc.s
7800 W. 95th Street #2E
Hickory Hills, IL  60457

NCO Financial Services
1804 Washington Blvd.
Mailstop 450
Baltimore, MD  21230

Target Nb
Po Box 673
Minneapolis, MN  55440


James Schelli, Jr.
1730 Park Street, Suite 220
Naperville, IL  60563

Pmt Advertising
c/o Biehl & Biehl, Inc.
P.O. Box 87410
Carol Stream, IL  60188

The Univ. of Chgo Hospital
c/o M3 Financial Services
P.O. Box 802089
Chicago, IL  60680


Laurence Capriotti
FCI Elkon
P.O. Box 10
Lisbon, OH  44432

Prime Market Targeting, Inc
c/o Michael D. Weis
P.O. Box 1166
Northbrook, IL  60065

Univ. of Chgo Physicians-QV
P.O. Box 2139
Bedford Park, IL  60499


Mary Frances Hill
12400 S. Harlem
Palos Heights, IL  60463

Progressive Insuranc
c/o NCO Financial
PO BOX 15636
Wilmington, DE  19850

Waner Enterprises, Inc.
c/o Goldstein, Skrodzki, et
835 McClinton Dr. 2nd FL
Willowbrook, IL  60527


Michael Hansbrough
c/o Steven M. Shaykin, PC
2227A Hamond Drive
Schaumburg, IL  60173

Quality Paperback Bo
c/o RJM Acquistiion LLC
575 UNDERHILL BLVD STE 2
Syosset, NY  11791


Midwest Suburban Publishing
c/o Michael D. Weis
P.O. Box 1166
Northbrook, IL  60065

Schenck Business Solutions
200 E. Washington Street
P.O. Box 1739
Appleton, WI  54912


Mr William Neary
219 South Dearborn Street
Room 873
Chicago, IL  60604

Schwartz Cooper
180 North LaSalle Street
Suite 2700
Chicago, IL  60601


Natasha Benson
c/o Transworld Systems
2235 Mercury Wat #275
Santa Rosa, CA  95407

Standard Bank & Trust
7800 W 95th St
Hickory Hills, IL  60457

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## NORTHERN DIVISION

In re *Karen L. Capriotti*

Case No.
Chapter **7**

_____ / Debtor

Attorney for Debtor: *James Schelli, Jr.*

## PETITIONER'S AFFIDAVIT

Petitioner has not had a case pending under Title 11 at any time in the preceding 180 days where:

1)  the case was dismissed by the Court for willful failure of the debtor to abide by orders of the Court, or to appear before the Court in proper prosecution of the case; or

2)  the petitioner requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by Section 362 of Title 11.

Under penalty of perjury, I declare I have read this statement and to the best of my knowledge and belief it is true.

Dated: _____

*/s/ Karen L. Capriotti*
_____
Signature of Petitioner

_____
Signature of Joint Petitioner